UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ADAM COX,<br><br>    Petitioner,<br><br>v.<br><br>RALPH DIAZ,<br><br>    Respondent. | Case No. 19-cv-05996-JD<br><br>**ORDER DISMISISNG PETITION WITH LEAVE TO AMEND** |

Petitioner, a California prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

## DISCUSSION

### STANDARD OF REVIEW

The Court may consider a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility

of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIM**

Petitioner seeks relief regarding a conviction for shooting at an occupied building, shooting from a vehicle and being a violent felon in possession of a firearm. Court records indicate that petitioner already filed a habeas petition in this Court regarding that same conviction. *See Cox v. W.L. Muniz*, No. 17-cv-5723 JD. Petitioner filed the first petition on October 4, 2017 and the petition was denied on the merits on September 4, 2018. In this second petition, petitioner argues that the state appellate court violated his federal rights when it denied his petition regarding a new and intervening judgment in his case and his request for resentencing based on California Senate Bill 620. Petition at 6. While it appears that petitioner has presented a successive petition, a brief recitation of the background regarding his petition and claim is necessary.

In August 2014, petitioner was sentenced to a term of 42 years to life. Petition at 35. On July 12, 2017, the California Department of Corrections and Rehabilitation informed the sentencing judge and petitioner of a possible error in his sentence. *Id*. at 35, 50, 54. In August 2017, an amended abstract of judgment was issued reflecting a sentence of 41 years to life (instead of 42 years to life). *Id*. at 36.

On October 11, 2017, the California Governor approved Senate Bill 620 which allowed trial courts at the time of sentencing to strike or dismiss enhancements otherwise required to be imposed pursuant to Penal Code section 12022.52. *Id*. The trial court could also apply this at resentencing. *Id*. Petitioner filed habeas petitions in state court arguing that his August 2017 amended abstract of judgment should be eligible for review under Senate Bill 620 which was enacted two months later. The state courts denied the petitions noting that Senate Bill 620 became effective several months after his amended abstract judgment was filed. *Id*. at 36, 60. The state courts noted that under California law, amendments to the penal code are not retroactive unless expressly declared. *Id*. California law states that Senate Bill 620 only applies retroactively to nonfinal cases. *Id*. at 37, 61. The state courts denied his petitions because petitioner's amended abstract of judgment became final when it was filed, two months prior to the enactment of Senate

2

Bill 620; therefore, he was not entitled to the retroactive benefit and may not seek relief under the bill. *Id*. Petitioner then filed this second federal habeas petition.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

However, in certain circumstances, a petitioner may present a new habeas petition where there has been a new judgment. A petition challenging a new or intervening judgment is not second or successive even where the intervening judgment left in place an earlier challenged conviction and sentence. *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017). "[W]here . . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all." *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (quoting *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010)); *Wentzell v. Neven*, 674 F.3d 1124, 1126-27, 1128 (9th Cir. 2012) (petition not "second or successive" under AEDPA because it was first petition to challenge new, intervening judgment of conviction that was entered after initial, partially successful habeas petition lead to new, amended judgment).

In this case the amended judgment was issued in August 2017 before petitioner filed the first petition and well before the Court denied the first petition on the merits. Petitioner had the opportunity to present his claim in the first petition or seek to stay the federal case while he

3

exhausted the new claim. Because the new judgment was not issued between the two habeas petitions, but rather before both petitions, petitioner has presented a second or successive petition and does not indicate that he received permission from the Ninth Circuit.

The Court notes that this second petition contains exhibits indicating that while petitioner knew the trial court was considering issuing an amended abstract of judgment, he was not aware that a new abstract had been issued until November 2018, after the first petition was denied. Petition at 54. To the extent that petitioner could perhaps argue that he was not aware of the amended judgment and it therefore qualifies as a new judgment after the first habeas petition was denied, he is still not entitled to relief. Petitioner has only presented a claim regarding state law and the state court's interpretation of state law. Federal habeas relief is not available for an alleged state law error. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law). Nor can petitioner make a state law claim into a federal one simply by classifying it under "due process." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). This second petition is dismissed, and petitioner will be provided one opportunity to amend to address these deficiencies.

## CONCLUSION

1. Within **twenty-eight (28) days** of service of this order, petitioner must file an amended petition. Failure to file an amended petition within the designated time may result in the dismissal of this action.

2. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

1 **IT IS SO ORDERED.**

Dated: October 21, 2019

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ADAM COX,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ,<br><br>    Defendant. | Case No. 19-cv-05996-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 21, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nicholas Adam Cox ID: AU6159
P.O. Box 8500
Coalinga, CA 93210

Dated: October 21, 2019

                                Susan Y. Soong
                                Clerk, United States District Court

                                By: /s/ Lisa R. Clark
                                LISA R. CLARK, Deputy Clerk to the
                                Honorable JAMES DONATO